## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## BIG STONE GAP DIVISION

| | |
|---|---|
| **CHELSEA R. DENNISON,** )<br> Plaintiff ) <br> ) <br> ) Civil Action No. 2:12cv00039 <br> ) **REPORT AND RECOMMENDATION** <br>**CAROLYN W. COLVIN,**[1] ) <br> **Acting Commissioner of** ) <br> **Social Security,** ) By: PAMELA MEADE SARGENT <br> Defendant ) United States Magistrate Judge | |

*I. Background and Standard of Review*

Plaintiff, Chelsea R. Dennison, filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), determining that she was no longer eligible for supplemental security income, ("SSI"), benefits under Title XVI of the Social Security Act, as amended, ("Act"), 42 U.S.C.A. §§ 1381-1383d. (West 2013). Jurisdiction of this court is pursuant to 42 U.S.C. § 1383(c)(3). This case is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). As directed by the order of referral, the undersigned now submits the following report and recommended disposition.

The court's review in this case is limited to determining if the factual findings of the Commissioner are supported by substantial evidence and were reached through application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence has been defined as "evidence which

---
[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Federal Rules of Civil Procedure Rule 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit.

a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir. 1966). "'If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."'" *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws*, 368 F.2d at 642).

Dennison received SSI benefits based on disability as a child. As required by law, eligibility for these benefits was redetermined under the rules for determining disability in adults when Dennison turned 18. On redetermination, the Commissioner found that Dennison was not disabled as an adult for purposes of her SSI claim as of March 1, 2009. (R. at 67-79.) Dennison's claim for continuing benefits was denied upon reconsideration. (R. at 47-52.) Dennison then requested a hearing before an administrative law judge, ("ALJ"). (R. at 80.) A hearing was held on July 28, 2011, at which Dennison was represented by counsel. (R. at 1045-79.)

By decision dated August 18, 2011, the ALJ found that Dennison suffered from severe impairments, namely a history of attention deficit hyperactivity disorder, bipolar disorder, asthma, obesity, lumbar strain, arthritis, headaches and diabetes mellitus and hypertension controlled with medication and treatment, but he found that Dennison did not have an impairment or combination of impairments listed at or medically or functionally equal to one listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 14-24.) The ALJ further found that Dennison had the residual functional capacity to perform sedentary work[2] which did not require

---

[2] Sedentary work involves lifting items weighing up to 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools. Although a

-2-

constant reaching, handling or fingering, rarely required climbing or kneeling, did not require crawling, did not require more than occasional stooping and crouching and did not involve concentrated exposure to pulmonary irritants and temperature extremes. (R. at 18-22.) The ALJ also found that Dennison was able to maintain attention and concentration throughout an eight-hour workday with normal breaks for tasks involving short, simple instructions that were not required to be performed in close proximity to large crowds or did not require more than very little public interaction. (R. at 18-22.) Based on Dennison's age, education, lack of work experience and residual functional capacity and the testimony of a vocational expert, the ALJ found that jobs existed in significant numbers in the economy that Dennison could perform. (R. at 22-23.) Therefore, the ALJ concluded that Dennison was not under a disability as defined by the Act and was not eligible for SSI beginning March 1, 2009. (R. at 23.) *See* 20 C.F.R. §§ 416.920(g), 416.987 (2013).

After the ALJ issued his decision, Dennison pursued her administrative appeals, but the Appeals Council denied her request for review. (R. at 7-9.) Dennison then filed this action seeking review of the ALJ's unfavorable decision, which now stands as the Commissioner's final decision. *See* 20 C.F.R. § 416.1481 (2013). The case is before this court on the Dennison's motion for summary judgment filed July 22, 2013, and on the Commissioner's motion for summary judgment filed August 26, 2013.

---

sedentary job is defined as one which involves sitting, a certain amount of walking or standing is often necessary in carrying out job duties. *See* 20 C.F.R. § 416.967(a) (2013).

## II. Analysis

In her brief, Dennison raises two arguments. (Plaintiff's Memorandum In Support of Her Motion For Summary Judgment, ("Plaintiff's Brief"), at 6-9.) First, Dennison argues that the Commissioner erred in making incomplete findings as to whether her impairments met or medically equaled the criteria of an impairment listed at 20 C.F.R. Part 404, Subpart P, App. 1. (Plaintiff's Brief at 6-7.) Second, Dennison argues that the Commissioner erred by failing to adhere to the treating physician rule and give controlling weight to the opinions of her treating physician. (Plaintiff's Brief at 7-9.)

The Commissioner uses a four-step process in evaluating whether children who have received SSI disability benefits remain disabled after turning age 18. *See* 20 C.F.R. § 416.987. This process requires the Commissioner to consider, in order, whether a claimant 1) has a severe impairment; 2) has an impairment that meets or equals the requirements of a listed impairment; 3) can return to her past relevant work; and 4) if not, whether she can perform other work. *See* 20 C.F.R. §§ 416.920, 416.987. If the Commissioner finds conclusively that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. *See* 20 C.F.R. § 416.920(a) (2013). Under this process, the claimant does not have the initial burden of showing that she is not working. *See* 20 C.F.R. § 416.987(b). Under this process, the Commissioner also is not required to show any medical improvement to terminate benefits. *See* 20 C.F.R. § 416.987(b).

In this case, the ALJ found that Dennison suffered from severe impairments,

namely a history of attention deficit hyperactivity disorder, bipolar disorder, asthma, obesity, lumbar strain, arthritis, headaches and diabetes mellitus and hypertension controlled with medication and treatment, but he found that Dennison did not have an impairment or combination of impairments listed at or medically or functionally equal to one listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 16-17.) The ALJ further found that Dennison had the residual functional capacity to perform sedentary work which did not require constant reaching, handling or fingering, rarely required climbing or kneeling, did not require crawling, did not require more than occasional stooping and crouching and did not involve concentrated exposure to pulmonary irritants and temperature extremes. (R. at 18-22.) The ALJ also found that Dennison was able to maintain attention and concentration throughout an eight-hour workday with normal breaks for tasks involving short, simple instructions that were not required to be performed in close proximity to large crowds or that did not require more than very little public interaction. (R. at 18-22.)

As stated above, the court must determine if there is substantial evidence in the record to support the ALJ's decision that Dennison was not under a disability as defined in the Act beginning March 1, 2009. If substantial evidence exists to support this finding, this court's "inquiry must terminate," and the final decision of the Commissioner must be affirmed. *Laws*, 368 F.2d at 642. Furthermore, it is the ALJ's responsibility to weigh the evidence, including the medical evidence, in order to resolve any conflicts which might appear therein. *See Hays*, 907 F.2d at 1456; *Taylor v. Weinberger*, 528 F.2d 1153, 1156 (4th Cir. 1975). "Thus, it is not within the province of a reviewing court to determine the weight of the evidence, nor is it

the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456.

Based on my review of the record, I find that substantial evidence supports the Commissioner's decision to terminate Dennison's SSI benefits beginning on March 1, 2009. While the medical reports contained in Dennison's administrative record are voluminous, most deal with her mental health treatment, rather than any treatment for physical impairments. As the ALJ found, the medical records show that Dennison suffers from the physical impairments of asthma, obesity, lumbar strain, arthritis, headaches, diabetes mellitus and hypertension. These records also show that these impairments are well-controlled with medication. Based on their review of the medical record, state agency physicians Dr. Robert O. McGuffin, M.D., and Dr. Richard M. Surrusco, M.D., found that, in March 2009, Dennison did not suffer from a severe physical impairment and that her physical activities were not restricted in any way. (R. at 375.)

While Dennison's treating physician, Dr. Michael Moore, M.D., completed an Assessment Of Ability To Do Work-Related Activities (Physical) indicating severe restrictions on April 22, 2009, (R. at 463-65), Dr. Moore's own medical reports do not support the restrictions he imposed, (R. at 466-77). In fact, Dr. Moore's records document few complaints since 2005 other than routine ailments and infections. On March 18, 2008, Dennison saw Dr. Moore for completion of a form for the Division of Motor Vehicles. (R. at 468.) On this date, Dr. Moore's office note states, "No restrictions or recommendations." (R. at 468.) On April 22, 2009, Dr. Moore's office note reflects only that Dennison complained of headaches

and needed a form completed for her disability. (R. at 467.)

Regarding Dennison's mental health, state agency psychologists Julie Jennings, Ph.D., and Louis A. Perrot, Ph.D., determined that, in March 2009, Dennison was "able to meet the basic mental demands of competitive work on a sustained basis despite … limitations" resulting from her mental impairments. (R. at 390-92.) These psychologists did find that Dennison suffered from attention deficit hyperactivity disorder, bipolar disorder and borderline intellectual functioning. (R. at 376-89.) While these psychologists placed some moderate restrictions on Dennison's work-related mental abilities, (R. at 390-91), they found her allegations only partially credible. (R. at 389.) They further found that Dennison's mental impairments were stable on her then-current treatment regimen. (R. at 389.) These psychologists also specifically found that Dennison's mental impairments did not meet or equal a listed impairment. (R. at 386-87.) *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.02, 12.04, 12.06 (2013).

The records of Dennison's mental health treatment also support the ALJ's finding that she was not disabled as of March 1, 2009. On January 28, 2009, Dr. Rhonda K. Bass, M.D., Dennison's treating psychiatrist at Wise County Behavioral Health Services, noted that Dennison was doing well on her then-current medication regimen. (R. at 361.) While Dennison reported increased depression as a result of her home situation beginning in April 2009, (R. at 362-66), by October 6, 2009, Dennison reported that she was "stable psychiatrically off her meds…." (R. at 499.) On August 19, 2009, Dennison reported that she had not had any mood swings in the previous three months. (R. at 502.) Records from June to August of

2009, reflect that Dennison applied and began attending college and even applied for a part-time job. (R. at. 503-14.)

This medical and psychological evidence supports the ALJ's rejection of Dennison's treating physicians' opinions insofar as they differed from the finding that Dennison had the residual functional capacity to perform sedentary work which did not require constant reaching, handling or fingering, rarely required climbing or kneeling, did not require crawling, did not require more than occasional stooping and crouching and did not involve concentrated exposure to pulmonary irritants and temperature extremes and that required following only short, simple instructions that were not required to be performed in close proximity to large crowds or that did not require more than very little public interaction. Furthermore, I find that the ALJ properly analyzed all of the psychological evidence and that his analysis and the evidence of record supports his finding that Dennison's impairments did not meet or equal a listed impairment as of March 1, 2009.

## PROPOSED FINDINGS OF FACT

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. Substantial evidence exists in the record to support the ALJ's weighing of the medical and psychological evidence;

2. Substantial evidence exists in the record to support the ALJ's residual functional capacity finding; and

3. Substantial evidence exists in the record to support the ALJ's finding that Dennison was not disabled under the Act and was not entitled to SSI benefits as of March 1, 2009.

## RECOMMENDED DISPOSITION

The undersigned recommends that the court deny Dennison's motion for summary judgment, grant the Commissioner's motion for summary judgment and affirm the Commissioner's decision that Dennison was no longer entitled to SSI benefits as of March 1, 2009.

## **Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C.A. §636(b)(1)(C) (West 2006 & Supp. 2013):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.
>
> Failure to file timely written objections to these proposed findings and

recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, United States District Judge.

The Clerk is directed to send certified copies of this Report and Recommendation to all counsel of record at this time.

DATED:   January 6, 2014.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE